MARCIA J. BREWER, ESQ.
STATE BAR NO. 74208
400 CORPORATE POINTE
SUITE 800
CULVER CITY, CA  90230
TELEPHONE  310-670-5325
FAX          310-670-3706
MARCIABREWER3@SCBGLOBAL.NET

ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  CR 08-746-FMC |
| Plaintiff, ) | |
| v. ) | DEFENDANT DAVIS' SENTENCING POSITION |
| MILES DAVIS, ) | |
| Defendant. ) | DATE: 3-30-09 |
| _____ ) | TIME: 11:00 a.m. |
| | COURTROOM: |
| | HONORABLE |
| | FLORENCE MARIE COOPER |

Defendant MILES DAVIS submits his position regarding sentencing factors.  This position is based on the attached Memorandum, the files and records of this case, the Presentence Report, and any evidence or argument presented at the sentencing hearing.

DATED:   3-25-09                    Respectfully submitted,

                                    _____
                                    MARCIA J. BREWER
                                    Attorney for Defendant
                                    MILES DAVIS

1

DEFENDANT DAVIS' SENTENCING POSITION

**SENTENCING POSITION**

**I. INTRODUCTION:**

Defendant Miles Davis respectfully requests that the Court order as follows with regard to his sentencing:

1. <u>Guideline calculations</u> - calculate the appropriate guideline level using the agreed to calculation in the plea agreement, and urged by the Government. This calculation results in an Offense Level of 12, minus two levels for acceptance of responsibility, resulting in an adjusted Offense Level of 10.
2. Find that Criminal History Category II, as calculated by the probation officer, is overstated due to the date and nature of the misdemeanor conviction - 8/1998 aiding and abetting in the exhibition of speed.
2. Impose a sentence of probation, with a condition of home detention for a period of three months.

**II. FACTS:**

The facts are set forth in the PSR and will not be addressed further.

**III. FACTUAL OBJECTIONS TO THE PSR:**

There are no factual objections to the PSR except those set forth below addressing the appropriate guideline calculation.

**IV. SENTENCING GUIDELINE CALCULATION:**

**A. OBJECTION TO APPLICATION OF U.S.S.G. §2S1.3(B)(1)(A):**

The probation officer adds two levels under the above section based on the fact that Davis knew the monies he received from Co-defendant Cotton were the proceeds of unlawful activity.

Davis and the Government entered into a plea agreement that did not include this adjustment in its agreed upon guideline calculation.  The Government has filed its sentencing position requesting the Court follow the parties agreed upon guideline

2

DEFENDANT DAVIS' SENTENCING POSITION

calculation. Davis respectfully requests this Court to follow both the plea agreement and the Government's recommendation in determining the appropriate guideline offense level.

### B. DAVIS' CRIMINAL HISTORY IS OVERSTATED:

Davis has two prior misdemeanor convictions. The first one in 1998 for aiding and abetting a speed exhibition, and the second in 2003 for driving under the influence of alcohol.

Davis requests that the Court find that his criminal history is overstated by the use of the 1998 conviction. The acts alleged in this case, and to which Davis plea guilty, occurred in 2007. At that time the 1998 conviction was 9 years old, at the current time it is almost 11 years old. The conviction was for a misdemeanor driving offense. This conviction adds another point to Davis' criminal history which moves him to a category II. It is respectfully requested that the Court find based on the nature and age of this conviction that Davis' criminal history category is overstated, and place him in a criminal history category I in determining the appropriate Guideline calculation.

### V. SECTION 3553 FACTORS AFTER BOOKER:

### A. Sentencing Guidelines After Booker/3553 Factors.

<u>United States v. Booker</u>, 543 U.S. 220 (2205) requires Courts to consider the Guideline factors before imposing sentences in federal criminal cases. See also <u>United States v. Cantrell</u>, 433 F.3d 1269, 1279 (9th Cir. 2006) (continuing duty of district courts to consult the guidelines is statutory). The Court having calculated the guideline range under the traditional approach, should then look to the 18 U.S.C. § 3553 factors to fashion a reasonable and just sentence.

The applicable Guideline range, while not definitive, provides just a starting point for finding a reasonable sentence, and must be considered with the factors set forth in section 3553. See <u>Cantrell supra</u>., - "To comply with the requirements of Booker, the district court must have sufficiently considered the Guidelines as well as the other

3

DEFENDANT DAVIS' SENTENCING POSITION

factors listed in §3553(a). "

Of note is the fact that the sentencing recommendation from the probation officer appears to be based on a fully weighed guideline analysis which ignores the remaining §3553 factors.

**B.  Section 18 U.S.C. § 3553 Factors.**

**1.  Nature and Circumstances of the Offense.**

This case involved a scheme by Co-Defendant Cotton to fraudulently obtain loan proceeds from loans made to straw/false buyers.  Defendant Davis become involved at the request of Cotton to process the loans and to find lenders.  Cotton provided him the information regarding the loans he was requested to process.  Davis was paid by Cotton for his effects.  Cotton also requested Davis to disburse loan proceeds that came into his possession to her in cash amounts.  Davis made these disbursements in amounts just below the Currency Transaction Reporting requirements. These acts were the basis for his plea of guilty to structuring financial transactions.

**2.  History and Characteristics of Defendant.**

<u>Davis' Criminal History</u> - Davis has two misdemeanor convictions, one in 1998 and the other in 2003 both for driving related offenses.  He successfully completed probation on both cases.  Since 2003 he has not been arrested or had any other contact with law enforcement.

<u>Davis' Educational History</u> - To his extreme credit Davis has continually pursued higher education.  He graduated from high school.  In 1992, he received an AA degree from Los Angles Valley College in Spanish. In 1998 he attended California State University Northridge for a semester.  And since the Fall of 2008 he has been attending Los Angeles City College where he is currently enrolled in the nursing program. **See Exhibit A**.

<u>Davis' Employment History -</u> To his credit he has been gainfully employed since April of 1998, with certain periods of unemployment due to business closures and industry decline.

At the current time he is working full time at the Cheesecake Factory, and attending nursing classes at Glendale Community College.  He also is caring for the animals of Lesa Rastede.  **See Exhibit B.**

From both his educational and employment history it is apparent that Davis is committed to leading a productive life, not adverse to hard work, and willing to apply himself to both work and furthering his education.  He is in a committed relationship to his wife.  And currently working toward a career that will provide him with lifelong employment.

**3.  Need To Reflect The Seriousness Of The Offense.**

**4.  Deterrence of Criminal Conduct.**

**5.  Need to Protect The Public.**

All three of these factors would be more than adequately satisfied by a sentence of probation with a period of time of home detention.  Davis was not the one who structured the fraudulent loans.  He was fed information to use on the loan applications, and processed the loans.  Even though he admitted in the statement of facts in the Plea Agreement that he believed Lievanos was a straw buyer, this does not show that he participated in the creation of the fraudulent information in the application. Co-Defendant Cotton was the one who did this.  Davis' wrongful participation was the disbursement of cash to Cotton inappropriately.

Davis' history as an individual, to the present time, evidences a productive, law aiding citizen (other than two misdemeanors) who has worked hard to be both employed and educated.  His blip on the radar so to speak, i.e. his involvement in this case, is out of character with who he presents as an individual.  It was aberrant for him.

Davis fully understands and accepts responsibility for his wrong doing.   The

DEFENDANT DAVIS' SENTENCING POSITION

chance of his ever being involved in the future in any type of criminal act is non-existent. This fact is supported by what he has done and accomplished since his involvement in this incident in 2007.  As stated above, since that time frame, he has stopped his involvement/employment in the mortgage business, and he has returned to school to seek a degree in a completely different field - nursing.  He has married and created a family.  Putting him in a custodial setting, as recommended by the probation officer, will not further any of the above factors.   All three will be fully satisfied by a probationary period with home detention.

### 6.  Need To Provide Defendant With Education.

The sentence must take into consideration the need to provide a defendant with education.  The Bureau of Prisons provides no educational opportunities to inmates - period.

If Davis is incarcerated for a year and a day, he will be in actual custody for 10 months.  This would effectively destroy what he has been working on for his personal benefit, as well as the benefit of his family and society in general.  Incarceration would stop his schooling.  There are no nursing courses inside of BOP facilities.  It will severely damage his relationship with his wife.  And, it will possibly cause him to give up on pursuing his education upon release which would be to society's detriment as it would have lost another educated individual.

Therefore, to insure that Davis can continue to pursue his education, a custodial sentence should not be imposed.

### 7.  The Need to Avoid Unwarranted Sentencing Disparities.

This is not really a factor in this case.

### 8.  The Need to Provide Restitution.

If Davis is incarcerated his ability to make restitution will be cut off.  If he spends 10 months in custody, when he comes out he will have to start all over again.  This will make it all the more difficult to obtain employment and income to pay his living

6

DEFENDANT DAVIS' SENTENCING POSITION

expenses, let alone restitution. Therefore, the sentence imposed on Davis must be one that allows him to continue to work, so he will have the ability to pay restitution.

## VI.  OBJECTIONS TO RECOMMENDED TERMS AND CONDITIONS OF SUPERVISED RELEASE AS SET FORTH IN THE RECOMMENDATION LETTER FROM PROBATION OFFICER EUNICE HABIG:

Davis objects to the following terms and conditions:

**1.**  No. 2 - The restriction from the use of unlawful use of a controlled substance, and submission to drug testing.  Davis has no history of drug usage - see paragraph 65 - which was confirmed by his mother.  Therefore, there is neither a factual basis or reason for the imposition of this condition.

2. No. 7 - There is factual basis for the imposition of this restriction. Particularly in light of the fact that he is working toward becoming a nurse where he will be exposed to personal information of his patients.

## V. CONCLUSION:

For the reasons set forth above, the Court is respectfully requested to impose a three year period of probation with a three month period of home detention, imposing only the following recommended terms and conditions: Nos. 1, 3, 4,5, 6 and 8.

DATED:  3-25-09                                   Respectfully submitted,

                                                  _____
                                                  MARCIA J. BREWER
                                                  Attorney for Defendant
                                                  MARCIA J. BREWER

7

DEFENDANT DAVIS' SENTENCING POSITION

# EXHIBIT A



Log-in ---> Home ---> Current Schedule ---> Payfees (+Option Parking) ---> Log-out

**GLENDALE COMMUNITY COLLEGE**

# WebReg

## Your current Class Schedule

**Select from the following options below:**

1118741   DAVIS MILES M        Spring 2009    2/9/09 8:32:56 PM

Class Schedule(See Fees Schedule below!)

| Ticket | Course | Units | Days | Time | Date | Location | Instructor | Status |
|---|---|---|---|---|---|---|---|---|
| 6508 | ARMEN 110 | 3.0 | S | 900-1223 | 02/17-06/10 | AD209 | KARAPETIAN, | Enrolled |

Total Units   3.0

**View My Current Classes**

**Pay Fees(and Parking)**

### Fees Schedule

| Fee | Due |
|---|---|
| HEALTH FEE | 16.00 |
| STUDENT SERVICES FEE | 12.50 |
| ID. CARD FEE | 10.00 |
| ENROLLMENT FEE | 60.00 |
| Total | 98.50 |

**Search for Classes**

**Help**

**WebReg Instructions**

**Log-out**

| Protect Your Data! |
|---|
| LOG OUT when you are finished with your WebReg session. |

© Copyright 2003 Glendale Community College

# EXHIBIT B

February 20, 2009

I would like to bring to the Court's attention that Miles Davis is my part-time care provider for my pets. I have one dog, (Jai'a) and two cats (Kitty and Torty) that Mr. Davis provides care for. I am a Registered Nurse and work as a Nurse Consultant for Covidien Healthcare. For my employment I cover eight states, and am gone a minimum three days per week. While away I need reliable pet care, and Mr. Davis has fulfilled my requirements.

Further, my dog is very nervous and will not allow anyone else to care for her, and she becomes anxious at the kennel. I consider Mr. Davis' services vital to the running of my household, and request that he be allowed to continue as my Pet Care Provider.

Thank you for consideration of this request.

*Lesa Rastede*

Lesa Rastede
18641 Saticoy Street
Unit #20
Reseda, CA 91335
1-818-917-6191

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am over the age of 18 and not a party to the within action. My business address is 300 Corporate Pointe, Suite 330, Culver City, California 90230.

On 3-25-09 I served the following document described as

**DEFENDANT DAVIS' SENTENCING POSITION**

on the interested parties in this action by placing a true copy of each document thereof, enclosed in a sealed envelope addressed as follows:

**EUNICE HABIG**
**US PROBATION OFFICER**
**21041 BURBANK BLVD. SUITE 200**
**WOODLAND HILLS, CA. 91367**

**(XXX)**      **By Mail**. I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at 300 Corporate Pointe, Suite 330, Culver City, California 90230.

**( )**      **By FAX Service**. I caused said document to be delivered by facsimile transmission to the above addressee(s).

**( )**      **By Personal Service**. I caused the envelope to be delivered by hand to addressees at the addresses indicated.

**( )**      **By Email Service -** I caused the above named document to be served by email at the above email address.

**( )**      **By Federal Express.** I caused the above documents to be delivered by Federal Express service.

**(XXX)**      (**Federal**)      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**( )**      (**State**)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
MARCIA J. BREWER

8

DEFENDANT DAVIS' SENTENCING POSITION